NEAL M. COHEN (SBN 184978)
JAMES K. SAKAGUCHI (SBN 181010)
VALERIE L. SARIGUMBA (SBN 243713)
Vista IP Law Group LLP
2040 Main Street, Suite 710
Irvine, California 92614
Tel: (949) 724-1849
Fax: (949) 625-8955

Attorneys for Plaintiff
    Vertical Doors, Inc.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Vertical Doors, Inc., | ) SA CV 06-0984 JVS (ANx) |
| Plaintiff, | ) |
| | ) consolidated with |
| v. | ) SA CV 07-275 JVS (ANx) |
| Howitt et al., | ) |
| Defendants. | ) **VDI'S SUPPLEMENTAL REPLY RE: VDI'S** |
| | ) **MOTION FOR RECONSIDERATION OF** |
| | ) **ORDER FINDING CLAIMS 8-10 OF U.S.** |
| | ) **PATENT NO. 6,845,547 INVALID [D.E.** |
| | ) **182]** |
| | ) |
| | ) October 4, 2010 |
| | ) 1:30 p.m. |
| | ) Honorable James V. Selna |

Vertical Doors, Inc., ("VDI") hereby submits the following Supplemental Reply in support of VDI's Motion For Reconsideration of this Court's Order Finding Claims 8-10 of U.S. Patent No. 6,845,547 invalid [D.E. 231].  This Supplemental Reply has been authorized by this Court [D.E. 265].

# Table Of Contents

Table of Authorities. . . . . . . . . . . . . . . . . . . . . .ii

I.    INTRODUCTION - *COLLIER* IS A "REGARDS AS HIS INVENTION"
      CASE, AND IS NOT AN INDEFINITENESS CASE. . . . . . . . . 1

II.   THG DOES NOT (AND CAN NOT) CITE A SINGLE BINDING CASE
      AFTER *COLLIER* SUPPORTING THE PROPOSITION THAT FAILURE TO
      RECITE STRUCTURAL RELATIONSHIPS OF ESSENTIAL ELEMENTS
      RENDERS A CLAIM INVALID AS BEING INDEFINITE. . . . . . . 2

III.  THG DOES NOT EVEN ADDRESS *VENEZIA* - THE ONLY BINDING
      CASE EVER TO CITE *COLLIER* - WHICH EXPRESSLY CONFIRMS
      *COLLIER* WAS A "REGARDS AS HIS INVENTION" CASE AND WAS
      NOT AN INDEFINITENESS CASE. . . . . . . . . . . . . . . .3

IV.   THG'S DISCUSSION OF *COLLIER* IS COMPLETELY WRONG, VERY
      MISLEADING, AND RELIES ON A QUOTE FROM THE BOARD OF
      PATENT APPEALS AND INTERFERENCES THAT THG WRONGLY
      ATTRIBUTES TO THE FEDERAL COURT. . . . . . . . . . . . .3

V.    THE REMAINDER OF THG'S SUPPLEMENTAL OPPOSITION IS
      FACTUALLY AND/OR LEGALLY IRRELEVANT, MISLEADING, AND/OR
      FALSE. . . . . . . . . . . . . . . . . . . . . . . . . 6

VI.   CONCLUSION. . . . . . . . . . . . . . . . . . . . . . .9

i

# Table Of Authorities

## <u>Cases</u>

*Acacia Media Technologies Corp. v. New Destiny Internet Group*,
    405 F. Supp. 2d 1127 (N.D. Cal. 2005). . . . . . . . . . . 7

*Collier, In re*,
    397 F.2d 1003 (C.C.P.A. 1968). . . . . . . . . . . . . 1-8

*Enzo Biochem, Inc. v. Applera Corp.*,
    599 F.3d 1325 (Fed. Cir. 2010). . . . . . . . . . . . .8

*Group One v. Hallmark Cards, Inc.*,
    407 F.3d 1297 (Fed. Cir. 2005). . . . . . . . . . . . .7

*Regents of The Univ. of N.M. v. Knight*,
    321 F.3d 1111 (Fed. Cir. 2003). . . . . . . . . . . . .6

*Venezia, In re*,
    530 F.2d 956 (C.C.P.A. 1976). . . . . . . . . . . 2-3, 6

## <u>Other Authorities</u>

MPEP § 706.03(d) . . . . . . . . . . . . . . . . . . .6

28 U.S.C. § 1292. . . . . . . . . . . . . . . . . . . 6

35 U.S.C. § 112. . . . . . . . . . . . . . . . . 1, 4-5

ii

**I.**
**INTRODUCTION - *COLLIER* IS A "REGARDS AS HIS INVENTION"**
**CASE, AND IS NOT AN INDEFINITENESS CASE.**

On September 14, 2009, the Court issued an Order [D.E. 182]
("Underlying Order") granting THG's Motion for Summary Judgment
of Invalidity of Claims 8-10 of U.S. Patent No. 6,845,547 ("the
'547 Patent").  The Court, relying on *In re Collier*, 397 F.2d
1003 (C.C.P.A. 1968), found the claims invalid under 35 U.S.C.
§ 112, second paragraph, as being indefinite for failure "to
recite the structural relationship of essential elements."

VDI subsequently moved for Reconsideration of the Underlying
Order [D.E. 231] ("Motion for Reconsideration"), explaining
*Collier* was a "regards as his invention" case, not an
indefiniteness case, and that the Court had misinterpreted
*Collier* as an indefiniteness case.  The Court granted VDI's
Motion for Reconsideration [D.E. 250], stating the Court "may
have erred in its interpretation of In re Collier" as standing
for the proposition that "Patents claiming a system, are
indefinite under § 112 if the claim does not recite structural
relationships of essential elements."

Because THG's original Opposition [D.E. 240] did not address
the merits of VDI's Motion for Reconsideration, the Court further
invited THG to file a Supplemental Opposition addressing the
merits of VDI's Motion for Reconsideration.  THG has filed its
Supplemental Opposition [D.E. 256].

Despite the Court's statement indicating the Court may have
misinterpreted *Collier*, and despite this second opportunity for
THG to oppose VDI's Motion for Reconsideration, THG does not (and

1

can not) cite a single binding case after *Collier* supporting the proposition that failure to recite structural relationships of essential elements renders a claim invalid as being indefinite. Further, THG does not even address *In re Venezia*, 530 F.2d 956 (C.C.P.A. 1976) - the only binding case ever to cite *Collier* - which expressly confirms *Collier* was a "regards as his invention" case and was not an indefiniteness case.

THG discusses *Collier*, but THG's analysis is completely wrong, very misleading, and relies on a quote from the Board of Patent Appeals and Interferences ("Board") that THG wrongly attributes to the federal court (the C.C.P.A.).  The remainder of THG'S Supplemental Opposition is factually and/or legally irrelevant, misleading, and/or false.

## II.
**THG DOES NOT (AND CAN NOT) CITE A SINGLE BINDING CASE AFTER *COLLIER* SUPPORTING THE PROPOSITION THAT FAILURE TO RECITE STRUCTURAL RELATIONSHIPS OF ESSENTIAL ELEMENTS RENDERS A CLAIM INVALID AS BEING INDEFINITE.**

In VDI's Motion for Reconsideration, VDI points out there are no binding cases in the 40+ years after *Collier* that state failure to recite structural relationships of essential elements renders a claim invalid as being indefinite.  No such case cites *Collier* for that proposition.  No such case sets forth that proposition even without citing *Collier*.   No such case exists, because that is not the law.  Accordingly, THG does not (and can not) cite a single binding case after *Collier* setting forth that proposition.

2

**III.**
**THG DOES NOT EVEN ADDRESS *VENEZIA* - THE ONLY BINDING
CASE EVER TO CITE *COLLIER* - WHICH EXPRESSLY CONFIRMS
*COLLIER* WAS A "REGARDS AS HIS INVENTION" CASE AND WAS
NOT AN INDEFINITENESS CASE.**

In VDI's Motion for Reconsideration, VDI points out there is
only one binding case citing *Collier*, namely *In re Venezia*, 530
F.2d 956 (C.C.P.A. 1976).  VDI points out *Venezia* expressly
confirms *Collier* is a "regards as his invention" case and is not
an indefiniteness case.  The court in *Venezia* even distinguishes
its case from *Collier* by stating "[t]here is no issue in this
case whether appellant is claiming what he regards as his
invention."  *Venezia*, 530 F.2d at 960.

The premise of VDI's Motion for Reconsideration is *Collier*
is a "regards as his invention" case and is not an indefiniteness
case.  VDI identifies *Venezia* as the only binding case to discuss
*Collier*, and as expressly confirming VDI's premise.  THG then
devotes a great deal of THG's Supplemental Opposition arguing VDI
is wrong, and *Collier* is indeed an indefiniteness case.  Yet
THG's Supplemental Opposition does not even mention *Venezia*.
Unfortunately for THG, ignoring *Venezia* does not make it go away.

**IV.**
**THG'S DISCUSSION OF *COLLIER* IS COMPLETELY WRONG, VERY
MISLEADING, AND RELIES ON A QUOTE FROM THE BOARD OF
PATENT APPEALS AND INTERFERENCES THAT THG WRONGLY
ATTRIBUTES TO THE FEDERAL COURT.**

THG does not (and can not) cite any binding case to support
its interpretation of *Collier*.  THG totally ignores *Venezia.*  All
THG does is put forth a completely wrong and very misleading
discussion of *Collier*, including reliance on a quote from the
Board that THG wrongly attributes to the federal court.

3

1    Specifically, THG confusingly argues *Collier* rejected Claim
2    17 based on both "regards as his invention" grounds <u>and</u>
3    indefiniteness.  (See *THG Supp. Opp.*, 9:7 - 11:24).  But THG's
4    argument is completely wrong and very misleading.
5        THG relies repeatedly on a "quote" in *Collier* including the
6    words "no positive recitation of any structural cooperation among
7    the elements listed" (*THG Supp. Opp.*, 9:14-16; 9:22-23; 10:15-17;
8    11:14-16; 11:19-20), as if that "quote" is a basis for
9    indefiniteness.  THG in one instance even expands the "quote" and
10   attributes it to the court in *Collier*, where THG states:
11        "This is a definiteness requirement.  *Collier* at 1283
12        clearly states this when it says: '[t]here is no positive
13        recitation of any structural cooperation among the elements
14        listed', we construe this rejection as in fact based on the
15        ground that the <u>claim is incomplete, and therefore</u>
16        <u>indefinite</u> and in this way does not conform to the
17        requirements of 35 U.S.C. § 112."  *THG Supp. Opp.*, 9:20-26
18        (emphasis added by THG).
19       THG uses that "quote" totally out of context.  In reality,
20   that "quote" is not a basis for indefiniteness.  Rather, it is
21   language from the patent examiner that the Board used to form a
22   presumption about the examiner's rejection.  Likewise, the
23   expanded portion of that "quote" stated above is not from the
24   court in *Collier*; it is language from the Board.  In *Collier*,
25   that "quote" (and the expanded portion) follows critical language
26   omitted by THG.  The full "quote" should have been more
27
28                                    4

accurately presented by THG as follows, in which the **bold
<u>underlined</u>** portion is what THG omitted:

> "**The board, referring to the examiner's 'catalogue'
> rejection said: Since in connection therewith the
> Examiner states that** 'There is no positive recitation
> of any structural cooperation among the elements
> listed', we construe this rejection as in fact based
> on the ground that the claim is incomplete, and
> therefore indefinite and in this way does not conform
> to the requirements of 35 U.S.C. § 112....".

*Collier*, 397 F.2d at 1005.  THG also misleadingly
coins and uses its own phrase "structural cooperative
relationships of elements" in quotes, and independently
associates the phrase with a definiteness requirement
purportedly set forth in *Collier*.  *THG Supp. Opp.*, 9:20-22;
10:3-4.

Now, looking at what the court in *Collier* did say, as
opposed to what the examiner or the Board said, the court
construed Claim 17 to recite only two elements (the ferrule-
forming member and the ground wire), and not a third element (the
shield means) as the patent examiner had concluded.  *Collier*, 397
F.2d at 1005.  Based on this construction, the court agreed Claim
17 did not recite structural relationships of the two elements.
But this was relevant only because appellant had insisted in his
brief the shield means was part of his invention.  Since the
court construed Claim 17 <u>not</u> to include the shield means, and the
appellant insisted in his brief that his invention <u>did</u> include

5

the shield means, the court rejected Claim 17 based on failure of the appellant "distinctly to claim what appellant in his brief insists is his actual invention." *Collier*, 397 F.2d at 1005.

Thus, the court in *Collier* did not reject Claim 17 as being indefinite. And as previously stated, if there was any doubt, the C.C.P.A., in the only binding opinion ever to cite *Collier*, made it clear *Collier* was a "regards as his invention" case. *Venezia*, 530 F.2d at 956.

## V.
### THE REMAINDER OF THG'S SUPPLEMENTAL OPPOSITION IS FACTUALLY AND/OR LEGALLY IRRELEVANT, MISLEADING, AND/OR FALSE.

Per this Court's Order [D.E. 250], THG's Supplemental Opposition was to address VDI's substantive arguments in VDI's Motion for Reconsideration, i.e., whether the Court misinterpreted *Collier*. Much of THG's Supplemental Opposition is not directly related to this issue. VDI therefore only briefly addresses the remainder of THG's supplemental opposition.

MPEP 706.03(d)

THG cites MPEP 706.03(d) as support for THG's interpretation of *Collier*. *THG Supp. Opp.*, 12:3-23. But "[t]he MPEP sets forth PTO procedures; it is not a statement of law." *Regents of the Univ. of N.M. v. Knight*, 321 F.3d 1111, 1121 (Fed. Cir. 2003). *Collier* and *Venezia* are the law. To the extent the MPEP differs from the law as set forth in *Collier* and *Venezia*, VDI discussed that in VDI's Motion for Reconsideration in relation to VDI's request therein for the Court to grant VDI permission to file an interlocutory appeal under 28 U.S.C. § 1292.

6

<u>Reconsideration</u>

THG devotes several pages of THG's Supplemental Opposition
to why VDI sought reconsideration and whether the Court should
have granted VDI's Motion for Reconsideration. *THG Supp. Opp.*,
3:15 - 6:1.  That discussion is irrelevant, as the Court already
heard and ruled on VDI's Motion for Reconsideration.

Nonetheless, VDI notes THG makes more misleading statements
to support its arguments.  Specifically, THG argues this is the
fourth time VDI has confronted the same issue, pointing to; 1)
UPC's motion against VDI in a related case SA CV 05-905 JVS
(ANx); 2) KW's motion against VDI in the same related case; 3)
the '547 file wrapper; and 4) the New Jersey case against DeCaH.
*THG Supp. Opp.*, 4:14 - 6:1.  But in reality: 1) UPC's motion was
based on *Group One v. Hallmark Cards, Inc.*, 407 F.3d 1297, 1303
(Fed. Cir. 2005), not on *Collier*; 2) KW's motion involved Claims
1-3 of the '547 Patent, not Claims 8-10; 3) the file wrapper sets
forth activity only before the '547 Patent was issued; and 4) VDI
addressed the issues related to the New Jersey case at oral
argument in THG's original Motion for Summary Judgment of
Invalidity, after which the Court then amended the Tentative
Ruling to remove any reliance on activity in the New Jersey case.

<u>Acacia</u>

VDI thoroughly addresses *Acacia Media Technologies Corp. v.
New Destiny Internet Group*, 405 F. Supp. 2d 1127 (N.D. Cal. 2005)
in VDI's Motion for Reconsideration.

7

1    <u>Construction of Terms</u>

2        THG tries to make a distinction between construing claim

3    terms versus construing claims, as the argument relates to a rule

4    of law set forth in *Enzo Biochem, Inc. v. Applera Corp.*, 599 F.3d

5    1325 (Fed. Cir. 2010).  *THG Supp. Opp.*, 13:6 - 14:19.  Even if

6    this argument is valid, it is irrelevant because the Court

7    already rejected *Enzo* as a basis for granting VDI's Motion for

8    Reconsideration.

9        *Collier* is Still Good Law

10       THG has a section titled "*Collier* is still good law."  *THG*

11   *Supp. Opp.*, 14:20 - 15:11.  VDI agrees *Collier* is still good law.

12    The difference of course is that THG and VDI disagree as to what

13   is the good law of *Collier*.

14       In this section, THG acknowledges the court in *Collier*

15   stated Claim 17 would not have been invalid for indefiniteness if

16   the appellant had regarded his invention as simply the two

17   elements (the ferrule-forming member and the ground wire) with no

18   particular relationship between them.  *THG Supp. Opp.*, 15:4-7.

19   THG then simply dismisses this highly relevant statement by

20   arguing it does not seem right, and questioning how VDI regards

21   the invention.  First, THG's independent dismissal of the

22   statement is improper.  It does not matter what THG believes; it

23   mattes what the court in *Collier* stated.  Second, it does not

24   matter what VDI regards as the invention; it matters what the

25   inventor (Demetrius Ham) regarded as his invention.  Third, THG

26   is improperly conflating "the invention" (as claimed) with "a

27   commercial embodiment of the invention" (i.e., VDI's hinge).

28                                    8

## VI.
## CONCLUSION

For the reasons stated herein, as well as in VDI's Motion for Reconsideration [D.E. 231] and elsewhere in the record, VDI requests the Court now VACATE that portion of this Court's Order [D.E. 182] invalidating Claims 8-10 of U.S. Patent No. 6,845,547 as being indefinite.  VDI submitted a Proposed Order on May 31, 2010 along with VDI's Motion for Reconsideration.

Respectfully submitted,

September 20, 2010     /s/ nmcohen
DATED                  Vista IP Law Group
                       By: Neal M. Cohen
                       Attorneys for Vertical Doors, Inc.

9

**CERTIFICATE OF SERVICE**

        I hereby certify that on the date set forth below, I served the foregoing document described as **VDI'S SUPPLEMENTAL REPLY RE: VDI'S MOTION FOR RECONSIDERATION OF ORDER FINDING CLAIMS 8-10 OF U.S. PATENT NO. 6,845,547 INVALID [D.E. 182]** to all parties to this action as set forth below, on the date set forth below, in the manner(s) checked below.

        ☒    By the Court's ECF system

        ☐    By e-mail to their attorney(s) of record, at the below email address(es), on the date below.

**Counsel for The Hoffman Group Parties**

Roy B. Thompson, Amy Bogran            TEL: (503) 245-6600
Thompson * Bogran, P.C.                FAX: (503) 244-8399
15938 SW Quarry Road, Suite B-6
Lake Oswego, OR 97035
E-Mail: roythompson@comcast.net; amymbogran@comcast.net

Mark S. Hubert (MarkHubert@pacifier.com)  TEL: (503) 234-7711
516 SE Morrison, Suite 1200               FAX: (503) 224-0092
Portland, OR  97214

Merrisa Coleman-Bishop (merrisasjc@aol.com)  TEL (408) 377-1368
Law Office of Merrisa L. Coleman-Bishop       FAX (408) 377-1439
2242 Camden Avenue, Suite 105
San Jose, California  95124


Executed Sep 20, 2010, Irvine, California.

                              /s/ nmcohen
                              Neal M. Cohen

10