Merrisa L. Coleman-Bishop, State Bar No. 160046
**LAW OFFICE OF MERRISA L. COLEMAN-BISHOP**
e-mail: MerrisaSJC@aol.com
2242 Camden Ave., Suite 105
San Jose, CA   95124
Telephone:  408-377-1368
Facsimile:   408-377-1439

Roy B. Thompson, OSB 82501 (*pro hac vice*)
**THOMPSON BOGRÁN, P.C.**
E-mail: roythompson@comcast.net
15938 SW Quarry Rd., Suite B-6
Lake Oswego, OR 97035
Telephone:  503-245-6600
Cellphone:   503-381-9945
Facsimile:   503-244-8399

Mark S. Hubert, OSB 98256 (*pro hac vice*)
**MARK S. HUBERT, P.C.**
e-mail: MarkHubert@pacifier.com
2300 SW First, Suite 101
Portland, OR 97201
Telephone:  503-234-7711
Facsimile:   503-224-0092

Attorneys for The Hoffman Group, LLC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA (Santa Ana)

| | |
|---|---|
| Vertical Doors, Inc., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>Matthew Howitt, et al.,<br><br>Defendants. | Case No. SA-CV-06-984 JVS (ANx)<br>Consolidated with:<br>Case No. SA-CV-07-275-JVS (ANx)<br>**DEFENDANT THE HOFFMAN GROUP, LLC'S MEMORANDUM RE SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT - INVALIDITY OF CLAIMS 8-10 OF '547 PATENT**<br>Honorable James V. Selna, Ctrm. 10C<br>January 24, 2011 - 1:30 p.m. |

**Page 1 - THG'S MEMORANDUM IN SUPPORT OF SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT - INVALIDITY OF CLAIMS 8-10 OF '547 PATENT**

# Table of Contents

Table of Authorities ................................................................................................ ii

INTRODUCTION .................................................................................................. 2

STATEMENT OF FACTS ..................................................................................... 2

    1.    The Patent at Issue ................................................................................. 2

    2.    Patent Prosecution History ..................................................................... 2

    3.    Litigation History ................................................................................... 5

LEGAL ARGUMENT ............................................................................................ 6

    Summary Judgment in General ............................................................................ 6

    A.    Deciding Invalidity on Summary Judgment .......................................... 7

    B.    Indefiniteness, section 112, second paragraph ...................................... 8

        1.    The law of indefiniteness ............................................................. 8

        2.    Analysis ...................................................................................... 11

CONCLUSION ..................................................................................................... 15

# Table of Authorities

## <u>Cases</u>

*Abbott Labs v. Geneva Pharm., Inc.*, 182 F3d 1315 (Fed.Cir. 1999)............... 8

*Acacia Media Technologies, Corp. v. New Destiny Internet Group,*
    405 Fsupp2d 1127 (ND Cal. 2005)......................................................... 10

*Adickes v. S.H. Kress & Co.*, 398 US 144 (1970)............................................. 7

*ADT Corp. v. Lydall*, 159 F3d 534 (Fed.Cir. 1998)......................................... 11

*Amgen, Inc. v. Chugai Pharm. Co.*, 927 F2d 1200 (Fed.Cir. 1991)................. 9

*Anderson v. Liberty Lobby*, 477 US 242 (1986)............................................... 7

*Apple Computer, Inc. v. Articulate Sys., Inc.*, 234 F3d 14 (Fed.Cir. 2000)....... 8

*Bose Corp. v. JBL, Inc.*, 274 F3d 1354 (Fed.Cir. 2001).............................. 7, 11

*Celotex v. Catrett*, 477 US 317 (1986)............................................................. 7

*Dana Corporation v. American Axle and Manufacturing, Inc.,*
    279 F3d 1372 (Fed.Cir. 2002)............................................................... 14

*Datamize, LLC v. Plumtree Software, Inc.*, 417 F3d 1342 (Fed.Cir. 2005)...... 9

*Exxon Research and Engineering Co. v. United States,*
    265 F3d 1371 (Fed.Cir. 2001)............................................................ 9, 10

*In re Collier*, 397 F2d 1003 (CCPA 1968)..................................... 10, 11, 12, 14

*In re Skvorecz*, 580 F3d 1262 (Fed.Cir. 2009)................................................ 11

*IPXL Holdings, LLC v. Amazon.com, Inc.*, 430 F3d 1377 (Fed.Cir. 2005)....... 10

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 US 574 (1986).......... 7

*MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.,*
    420 F3d 1369 (Fed.Cir. 2005)................................................................ 7

*Patlex Corp. v. Mossinghoff*, 758 F2d 594 (Fed.Cir. 1985)............................ 11

*Personalized Media Commc'ns, LLC v. Int'l Traade Comm'n,*
    161 F3d 696 (Fed.Cir. 1998)................................................................. 9

*Power-One, Inc. v. Artesyn Technologies, Inc.*, 599 F3d 1343 (Fed.Cir. 2010).. 9

*Shatterproof Glass Corp. v. Libbey-Owens Ford Co.*,
   758 F2d 613 (Fed.Cir. 1985)..................................................................9

*SRI Int't. v. Matsushita Elec. Corp.*, 775 F2d 1107 (Fed.Cir. 1985).................. 8

*Solomon v. Kimberley-Clark Corp.*, 216 F3d 1372 (Fed.Cir. 2000).................. 12

*Townsend Engineering Company v. Hitec Company*,
   829 F2d 1086 (Fed.Cir. 2004).............................................................. 8

*University of Rochester v. C.D. Searle & Co., Inc.*,
   358 F3d 916 (Fed.Cir. 2004)................................................................. 8

*Wahpeton Canvas Company, Inc. v. Frontier, Inc.*, 870 F2d 1546 (1989).......... 14

*Warren v. City of Carlsbad*, 58 F3d 439 (9th Cir. 1995),
   *cert denied* 516 US 1171 (1996)......................................................... 6

*Young v. Lumenis, Inc.*, 492 F3d 1336 (Fed.Cir. 2007)..................................... 10

### Other Authorities

FRCivP 56........................................................................................ 7

35 USC §112............................................................................... 8 - 15

35 USC §282................................................................................ 7, 8

Defendant The Hoffman Group, LLC ("THG") submits this Memorandum in Support of its Second Motion for Partial Summary Judgment as to the Invalidity of Claims 8-10 of U.S. Patent No. 6,845,547 ("the '547 Patent) on the ground of invalidity

Filed herewith are also THG's Statement of Undisputed Facts ("SUF") and the Declaration of Roy B. Thompson (with Exhibits).

## INTRODUCTION

This is an automotive aftermarket patent case. The product at issue is a hinge for what is known generically as "Lambo doors" because of their similarity to the way doors open upward on a Lambourghini Diablo.

Specifically at issue in THG's Second Motion for Partial Summary Judgment are Claims 8-10 of Patent No. 6,845,547 ("the '547 Patent").

## STATEMENT OF FACTS

### 1. The Patent at Issue

On May 20, 2002, Demetrius Calvin Ham filed a provisional patent application (Serial No. 60/382,281) for a Vertical Door Conversion Kit (the "Provisional Application"). About six months later, he filed a non-provisional patent application (Serial No. 10/305,522) on November 26, 2002 which claims the priority of the Provisional Application. On November 24, 2003, he filed a divisional application (Serial No. 10/722,235). The parent application issued as US Patent No. 6,845,547 ("the '547 Patent") on January 25, 2005. SUF 1.

### 2. Patent Prosecution History

The initial patent application was rejected. The examiner, based on MPEP §2172.01, stated: "Claims 1-11 are rejected under 35 U.S.C. 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject

Page 2 - THG'S MEMORANDUM IN SUPPORT OF SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT - INVALIDITY OF CLAIMS 8-10 OF '547 PATENT

matter which the applicant regards as his invention."[1] SUF 2. In the original application, claim 11 was dependent on claim 1. SUF 3. The Patent examiner further stated:

> "Claims 1 and 10 are incomplete for omitting essential structural cooperative relationships of elements, such omission amounting to a gap between the necessary structural connections. See MPEP § 2172.01. As to claim 1, there is no sufficient information to depict the relationship as how the plate, the swingarm and the rotation mechanism are structurally and functionally interrelated to form an operable 'vehicle door hinge'. It cannot be understood structurally how 'allowing motion of the door in a first horizontal plane and a second vertical plane' is achieved without the combined effect of the hinge parts. The claim raises the uncertainty of operability." SUF 4.

In response, the applicant Demetrius Ham revised his patent claims. The applicant stated:

> "In accordance with the examiner's suggestion, <u>the applicant has rewritten the claims so as to include the structural relationships of claims</u> 4, 7, 8, 9, <u>and 11.</u> In detail, the limitations of original claim 4 have been largely incorporated into claim 1. The limitations of original claim 1 have been incorporated into amended claim 8, which is now independent. The limitations of original claims 1 and 7 have been incorporated into amended claim 9, which is now independent. The limitations of original claim 1 have been incorporated into amended claim 11, which is now independent." SUF 5, *emphasis added*.

---

[1] The Court should be aware that, as noted repeatedly in this action and parallel actions, the original claim 11 became claim 8 in the patent as finally issued.

**Page 3 - THG'S MEMORANDUM IN SUPPORT OF SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT - INVALIDITY OF CLAIMS 8-10 OF '547 PATENT**

a. **claim 1 originally and as amended**

Original:

A vehicle door hinge for a vehicle door and frame, the hinge comprising:

a chassis mounting plate securely fastened to such vehicle frame;

a swingarm securely fastened to such vehicle door;

a bi-directional rotation mechanism allowing motion of the door in a first horizontal plane and a second vertical plane.

As amended:

A vehicle door hinge for a vehicle door and frame, the hinge comprising:

a chassis mounting plate securely fastened to such vehicle frame;

a swingarm securely fastened to such vehicle door, the swingarm further comprising a horizontal bearing surface;

the chassis mounting plate further comprises a strong bearing surface having a length; the horizontal bearing surface and the strong bearing surface being located so that the horizontal surface rotates along the length of the strong bearing surface during the motion of the door in a first horizontal plane;

whereby the strong bearing surface and the horizontal bearing surface cooperate together to take the stress of the door opening and further thereby allowing motion of the door in the first horizontal plane and a second vertical plane.

As can be seen from the amendment to Claim 1, the language was changed significantly, but does not actually recite structural relationships.

b. **claim 11 (eventually claim 8) originally and as amended**

Original:

The hinge of claim 1, further comprising:

a sag adjuster screw guide mechanism rotationally connected in the first horizontal plane to the bi-directional rotation mechanism; and

**Page 4 - THG'S MEMORANDUM IN SUPPORT OF SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT - INVALIDITY OF CLAIMS 8-10 OF '547 PATENT**

a sag adjuster screw bearing against the sag adjuster screw guide when the vehicle door is rotated through the first horizontal plane.

<u>As Amended</u>:

A vehicle door hinge for a vehicle door and frame, the hinge comprising:

a chassis mounting plate securely fastened to such vehicle frame;

a swingarm securely fastened to such vehicle door;

a bi-directional rotation mechanism allowing motion of the door in a first horizontal plane and a second vertical plane;

a sag adjuster screw guide mechanism rotationally connected in the first horizontal plane to the bi-directional rotation mechanism; and

a sag adjuster screw bearing against the sag adjuster screw guide when the vehicle door is rotated through the first horizontal plane.

What the applicant did in amending claim 11 was to add the original claim 1 language (which did not depict any structural relationship at all) to its pre-existing language. Therefore, the amended claim 11 (eventually claim 8) still does not recite a structural relationship between the essential parts. However, the applicant stated: **"In accordance with the examiner's suggestion, the applicant has rewritten the claims so as to include the structural relationships of claims 4, 7, 8, 9 and 11."** SUF 6. In other words, the applicant regarded his invention as having a structural relationship, rather than being merely separate parts, but even with the amendment, that relationship is not stated in claim 8 (originally claim 11).

3. **Litigation History**

In 2003 litigation ensued between Demetrius Ham (DeCaH, LLC) and VDI, with the final result being that VDI bought the technology and became successor in interest to Ham. SUF 7.

VDI sued THG in the instant matter for (among other things) infringement of claims 8-10 of the '547 Patent. Dkt. 6.

**Page 5 - THG'S MEMORANDUM IN SUPPORT OF SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT - INVALIDITY OF CLAIMS 8-10 OF '547 PATENT**

VDI moved for partial summary judgment for literal infringement of claims 8-10 of the '547 Patent. Dkt. 145. THG cross-moved for summary judgment for invalidity of claims 8-10 of the '547 Patent. Dkt. 160.

After oral argument on August 24, 2009, on September 14, 2009 this Court found Claims 8-10 of the '547 Patent invalid for indefiniteness, and found THG to have infringed claims 8-10 of the '547 Patent but since the claims were invalid there was no liability. "For the foregoing reasons, the Court GRANTS THG's motion for the invalidity of claims 8 through 10 of the '547 patent as indefinite, DENIES THG's motion for collateral estoppel on a reasonable royalty rate, and GRANTS VDI's motion for infringement of the claims at issue, albeit without liability for THG." Dkt. 182.

VDI moved for reconsideration of the September 14, 2009 ruling of invalidity of claims 8-10 of the '547 Patent. Dkt. 230.

On October 4, 2010, this Court reconsidered that ruling and stated: "The Court concludes that it erroneously found that claims 8-10 of the '547 Patent were not sufficiently definite because claim 8 failed to recite a structural relationship of essential elements on its face. **This does not mean that these claims are sufficiently definite. Rather, the Court is only holding that the claims are not indefinite for the reasons stated in the p     revious Order.**" The Court concluded with: "For the foregoing reasons, the Court GRANTS the motion and VACATES that portion of the September 14, 2009 order finding claims 8-10 of the '547 Patent to be indefinite." Dkt. 274 (*unusual spacing in original*, <u>*emphasis added*</u>).

### LEGAL ARGUMENT

**Summary Judgment in General**

This matter comes before the Court on summary judgment. Summary judgment is not warranted if a material issue of fact exists for trial. *Warren v. City of Carlsbad*, 58 F3d 439, 441 (9th Cir, 1995), *cert. denied* 516 US 1171 (1996). The underlying

Page 6 - THG'S MEMORANDUM IN SUPPORT OF SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT - INVALIDITY OF CLAIMS 8-10 OF '547 PATENT

facts are viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 US 574, 587 (1986). "Summary judgment will not lie if ... the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 US 242, 248 (1986). The party moving for summary judgment has the burden to show initially the absence of a <u>genuine issue</u> concerning any <u>material</u> fact. *Adickes v. S.H. Kress & Co.,* 398 US 144, 159 (1970), *emphasis added.* However, once the moving party has met its initial burden, the burden shifts to the nonmoving party to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 US 317, 323-24 (1986). To discharge this burden, the nonmoving party cannot rely on its pleadings, but instead must have evidence showing that there is a genuine issue for trial. *Id.,* at 324. Summary Judgment will be granted if there is no genuine issue of material fact. FRCivP 56(c). Partial summary judgment is proper on a showing there is no genuine issue of material fact as to a particular claim or defense. FRCivP 56(a) and (b).

The burden initially is on the moving party to demonstrate an absence of a genuine issue of material fact. *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.,* 420 F3d 1369, 1373 (Fed.Cir. 2005). If, and only if, the moving party meets its burden, then the non-moving party must produce enough evidence to rebut the moving party's claim and create a genuine issue of material fact. *Id.* If the non-moving party meets this burden, then the motion will be denied. *Bose Corp. v. JBL, Inc.,* 274 F3d 1354, 1360 (Fed.Cir. 2001). The Court must view the evidence in the light most favorable to the non-moving party. *MEMC,* 420 F3d at 1373.

A.  **Deciding Invalidity on Summary Judgment**

To obtain summary judgment of invalidity, a moving party must overcome the statutory presumption of 35 USC §282 that issued patent claims are valid. §282

mandates that "[a] patent shall be presumed valid" and that "[t]he burden of establishing invalidity of a patent or any claim thereof shall rest on the party asserting such invalidity." 35 USC §282. A party seeking to overcome the statutory presumption and establish the invalidity of an issued patent claim must prove the invalidity by clear and convincing evidence. *Apple Computer, Inc., v. Articulate Sys., Inc.*, 234 F3d 14, 26 (Fed.Cir. 2000).

Although the movant ultimately bears the burden of demonstrating that it *is* entitled to judgment as a matter of law based upon the Uncontroverted Facts, such Uncontroverted Facts of invalidity may be evident on the face of the patent record. *See University of Rochester v. C.D. Searle & Co., Inc.*, 358 F.3d 916, 930 (Fed.Cir. 2004) (party may demonstrate that the patent in suit proves its own invalidity).

Summary judgment is appropriate in a patent case as in any other case. *Townsend Engineering Company v. Hitec Company*, 829 F2d 1086, 1089 (Fed.Cir. 1987). And, while issued patents enjoy a presumption of validity, summary judgment of patent invalidity is regularly granted. *Apple Computer v. Articulate Systems, Inc.*, 234 F3d 14, 26 (Fed.Cir. 2000); *Abbott Labs v. Geneva Pharm., Inc.*, 182 F3d 1315, 1318 (Fed.Cir. 1999).

"[S]ummary judgment under Rule 56, Fed. R. Civ. P., is entirely appropriate, in a patent as in any other case ..." *SRI Int'l. v. Matsushita Elec. Corp.*, 775 F2d 1107, 1116 (Fed.Cir. 1985).

## B. Indefiniteness, section 112, second paragraph

### 1. The law of indefiniteness

35 USC 112, second paragraph states:

"The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention."

The definiteness analysis requires a determination of "whether one skilled in

Page 8 - THG'S MEMORANDUM IN SUPPORT OF SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT - INVALIDITY OF CLAIMS 8-10 OF '547 PATENT

the art would understand the bounds of the claim when read in light of the specification." *Personalized Media Commc'ns, LLC v. Int'l Trade Comm'n*, 161 F3d 696, 705 (Fed.Cir.1998) (quoting *Miles Labs., Inc. v. Shandon, Inc.*, 997 F2d 870, 875 (Fed.Cir.1993)).

Under 35 U.S.C. § 112, ¶ 2, a patentee must particularly point out and distinctly claim the subject matter which the applicant regards as the invention. <u>A claim</u> which does not reasonably apprise those skilled in the art of its scope is indefinite. *Amgen, Inc. v. Chugai Pharm. Co.*, 927 F2d 1200, 1217 (Fed.Cir. 1991), *emphasis added*.

"Pursuant to § 112 of the Patent Act, to be sufficiently definite, a patent specification 'must conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention.' 35 U.S.C. § 112, ¶ 2. To comport with § 112's definiteness requirement, the boundaries of the claim, as construed by the court, must be discernible to a skilled artisan based on the language of the claim, the specification, and the prosecution history, as well as her knowledge of the relevant field of art." *Power-One, Inc. v. Artesyn Technologies, Inc.*, 599 F3d 1343, 1350 (Fed.Cir. 2010). A decision whether a claim is invalid under this provision requires a determination whether those skilled in the art would understand what is claimed. Claims must "reasonably apprise those skilled in the art" as to their scope and be "as precise as the subject matter permits." *Shatterproof Glass Corp. v. Libbey-Owens Ford Co.*, 758 F2d 613, 624 (Fed.Cir. 1985).

"Only claims 'not amenable to construction' or 'insolubly ambiguous' are indefinite." *Datamize, LLC v. Plumtree Software, Inc.*, 417 F3d 1342, 1347 (Fed.Cir. 2005). A claim is not indefinite merely because it poses a difficult issue of claim construction. *Exxon Research and Engineering Co. v. United States*, 265 F3d 1371, 1375 (Fed.Cir. 2001). "[I]f the meaning of the claim is discernible, even though the task may be formidable and the conclusions may be one over which reasonable

Page 9 - THG'S MEMORANDUM IN SUPPORT OF SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT - INVALIDITY OF CLAIMS 8-10 OF '547 PATENT

persons will disagree, we have held the claim sufficiently clear to avoid invalidity on indefiniteness grounds." *Exxon Research*, 265 F3d at 1373.

Definiteness is a question of law. *IPXL Holdings, L.L.C. v. Amazon.com, Inc.*, 430 F3d 1377, 1380 (Fed.Cir. 2005). A determination of indefiniteness is reviewed *de novo*. *Young v. Lumenis, Inc.*, 492 F3d 1336, 1344 (Fed.Cir. 2007).

In its initial Order of September 14, 2009 (Dkt. 182) the court found claims 8-10 of the '547 Patent to be invalid for failure to recite a structural relationship of essential elements in independent claim 8, following through to the invalidity of dependent claims 9 and 10. The Court based its analysis on its reading at that time of *In re Collier*, 397 F2d 1003 (CCPA 1968), *Acacia Media Technologies Corp. v. New Destiny Internet Group*, 405 FSupp2d 1127 (ND Cal. 2005), and the Manual of Patent Examining Procedures ("MPEP").

This Court has now reversed itself, saying in essence that a mere failure to recite structural relationships of essential parts is insufficient to invalidate a patent, because a collection of parts without a structural connection can be defined in a claim. "[I]f appellant regards his invention as nothing more than the bare combination of a crimpable perforated ferrule and a ground wire, regardless of particular relationships, it cannot be gainsaid that the claim defines such a combination." *Collier*, 397 F2d at 1005.

However, *Collier* is still relevant. The Court there found that the claim at issue "fails to comply with section 112, second paragraph, in failing distinctly to claim what appellant in his brief insists is his actual invention." *Id.*

"The reason that the <u>Collier</u> claim's lack of structural relationships violated § 112, ¶2 was because the patent applicant insisted in his brief that his invention contained structural relationships, not because of an inherent requirement that the lack of structural relationships automatically renders a claim indefinite." Dkt. 274, p. 3 of 6.

Page 10 - THG'S MEMORANDUM IN SUPPORT OF SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT - INVALIDITY OF CLAIMS 8-10 OF '547 PATENT

In the reconsideration ruling, the Court found that it's prior interpretation of the law was in error. "The Court's indefiniteness analysis was guided by the following statement of law in <u>Acacia</u>: 'Patents claiming a system [] are indefinite under § 112 if the claim does not recite structural relationships of essential elements.' <u>Acacia</u>, 405 F. Supp 2d at 1138 (citing <u>In re Collier</u>, 397 F.2d at 1003). The Court now believes that this statement of law is erroneous, as it is based on an incorrect interpretation of <u>Collier</u>." Dkt. 274, page 2 of 6.

Further, in the reconsideration ruling, the Court disavowed its prior reliance on the Manual of Patent Examining Procedure ("MPEP"). "The MPEP's interpretation of <u>Venezia</u> and <u>Collier</u> does not have the force of law and the Court declines to follow it on this point. See <u>Regents of the Univ. of N.M. v. Knight</u>, 321 F.3d 1111, 1121 (Fed. Cir. 2003) ('MPEP sets forth PTO procedures; it is not a statement of law.')." Dkt. 274, p. 5 of 6.

Therefore, THG's focus here is on *Collier* and on what "the applicant regards as his invention" in section 112, second paragraph, leaving *Acacia* and the MPEP out of the argument.[2] Correctly applying the law of *Collier* to the facts at hand renders claims 8-10 of the '547 Patent invalid for indefiniteness for failure to state what the applicant regards as his invention. This is the same result reached by this Court in its September 14, 2009 Order, but for a different reason.

2. **Analysis**

Here, the applicant's own statements to the Patent Office about what he

---

[2] It should be noted, however, that the Federal Circuit has often referred to the MPEP, considering it influential, even though not necessarily carrying the force of law. See, for example: *In re Skvorecz*, 580 F3d 1262, 1269 (Fed.Cir. 2009), *ADT Corp. v. Lydall*, 159 F3d 534, 547 (Fed.Cir. 1998), and *Bose Corp. v. JBL, Inc.*, 274 F3d 1354 (Fed.Cir. 2001). The MPEP "is made available to the public and ... describe[s] procedures on which the public can rely." *Patlex Corp. v. Mossinghoff*, 758 F2d 594, 606 (Fed.Cir. 1985).

**Page 11 - THG'S MEMORANDUM IN SUPPORT OF SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT - INVALIDITY OF CLAIMS 8-10 OF '547 PATENT**

believed his amendments to original claim 11 (which matured into claim 8 in the '547 Patent as issued) meant that he regarded his invention as having structural relationships. <u>This is exactly a *Collier* case</u>.

When the applicant amended claim 1 in response to the Patent examiner's rejection for failure to recite structural relationships, he <u>did</u> recite some structural relationships between the parts, and told the Patent examiner what his intention was.

On the other hand, when the applicant amended claim 11, <u>he told the Patent examiner</u> that the amended claim recited the structural relationships, but the amended claim as written failed to recite those structural relationships. It merely adds the language from the original claim 1 which does <u>not</u> cite structural relationships, and so the claim fails for not "distinctly claiming the subject matter which the applicant regards as his invention" under section 112, second paragraph. The applicant insisted that claim 8 contained structural relationships, but it does not. Therefore, just as in *Collier* the claim is indefinite for failing to distinctly claim what the applicant thought his invention is.

"It is particularly inappropriate to consider inventor testimony obtained in the context of litigation in assessing validity under section 112, paragraph 2, in view of the absence of probative value of such testimony." *Solomon v. Kimberley-Clark Corp.*, 216 F3d 1372, 1378-79 (Fed.Cir. 2000). The present situation can be easily distinguished from the situation in *Solomon*. When the applicant Demetrius Ham made his statements to the Patent examiner about what he regarded as his invention, it was **not** in the context of litigation, but instead was in response to a rejection by the patent examiner for failure to recite structural relationships. The applicant stated that the amended claim 8 (formerly claim 11) included those structural relationships and that he regarded his invention as including such structural relationships, but claim 8 as finally issued does not reflect what the applicant regarded as his invention. The claim, on its face, does not explain how the chassis mounting plate, the swingarm,

and the bi-directional rotation device are connected, even though the applicant represented to the Patent examiner that it did.

VDI's President Rob Baum testified in deposition under oath in the case of *Decah, LLC V. Vertical Doors, Inc. et al.*, U.S. District Court - New Jersey, Case No. 03-CV-3964 (WJM) as follows: "This is a big flaw in the patent. The average guy, even reading the verbiage on this patent, could never build Demetrius Ham's hinge, ever. ... Basically in - - in their verbiage, it explains that this chassis mount mounts to a vehicle chassis, and it also explains that this bolts to the vehicle door, but nowhere does it say how these two are attached. So as far as I'm concerned, their patent is invalid and we can prove that at a later date with experts, but if an expert read this patent, they would see that that patent - - either way. If they - - the bottom line is they chose Figure 1, clearly. They - - I've seen their signatures on the paper through the patent office. They chose this figure." Later in the same deposition, Mr. Baum was more direct. "Q: Is it your contention - - is it Vertical Doors' contention that the '547 Patent is invalid? A: Yes." Later, Mr. Baum read the Response to Interrogatory Number 27: "A: Notwithstanding and without waiving any objections, defendant respond that the claims of the '540 [sic] Patent are invalid for failing to enable the claimed invention in violation of 35 U.S.C. 112 form lack of written description in violation of 35 U.S.C. 12 of ident-  Q: Indefiniteness. A: indefiniteness in violation of 35 U.S.C. 112 and the lack of utility in violation of the 35 U.S.C. 101." SUF 7.

Mr. Baum's testimony about the indefiniteness of the claims of the '547 Patent were made in the context of litigation, but he was not the inventor, taking it out of the *Solomon* rejection of "inventor testimony obtained in the context of litigation." 216 F3d at 1378-79. Instead, Mr. Baum was testifying about what a person skilled in the art would understand.

While Mr. Baum testified about indefiniteness in terms of "the average guy"

**Page 13 - THG'S MEMORANDUM IN SUPPORT OF SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT - INVALIDITY OF CLAIMS 8-10 OF '547 PATENT**

instead of "one skilled in the art," he qualified himself as one skilled in the art of hinges for vertically opening automotive doors. In response to questions about U.S. Patent 6,808,223 ("the '223 Patent") held by VDI, he stated: "If I had to say who invented the most of it, it'd be me." SUF 8. As an inventor himself of a similar device, he had to be skilled in the applicable art.

While a finding of non infringement of an independent claim necessitates that all the claims that depend from it also are not infringed (*Wahpeton Canvas Company, Inc. v. Frontier, Inc.* 870 F2d 1546 (1989)), the invalidity of an independent claim does not make the claims that depend from it invalid per se. *Dana Corporation v. American Axle and Manufacturing, Inc.*, 279 F3d 1372 (Fed.Cir. 2002); 35 USC §282. These dependent claims stand on their own. Claims 9 and 10 read as follows:

> **9.** The hinge of claim 8, wherein motion of the door in the first horizontal plane and motion of the door in the second vertical plane occurs sequentially.
>
> **10.** The hinge of claim 8, wherein the bi-directional rotation mechanism further comprises one member selected from the group consisting of: a bi-directional hinge, a spherical bearing, and combinations thereof.

Neither of these claims clearly add any further structure to the recited elements of claim 8, then they must also be invalid as indefinite under 35 USC §112, paragraph 2 for "failing to particularly point out and distinctly claim the subject matter which the applicant regards as his invention." This is supported by *Collier* and is in line with this Court's earlier rulings.

Finally, Demetrius Ham further recognized the need to "connect the parts" in U.S. Patent No. 7,140,075 (a continuation in part of the '547 Patent) whose Claim 1 claims "A retrofit kit for a vehicle door hinge, comprising: a chassis mounting plate securely fastenable to a vehicle frame; a swingarm securely fastenable to a vehicle door; a bi-directional rotation mechanism connected to the chassis mounting plate and the swingarm..." SUF 10. Thus, while the inventor described the structural

relationships between the parts in the '075 Patent, he failed to express what he regarded as his invention in the '547 Patent, rendering it invalid under 35 USC §112, second paragraph.

## CONCLUSION

Claims 8 - 10 of the '547 Patent are invalid for indefiniteness in violation of 35 USC §112, second paragraph, because independent claim 8 does not recite the structural relationship of the parts, nor do dependent claims 9 and 10, but the applicant stated that such a structural relationship was what he regarded as his invention.

Dated: November 30, 2010      /s/ Merrisa L. Coleman-Bishop
　　　　　　　　　　　　　　Merrisa L. Coleman-Bishop
　　　　　　　　　　　　　　State Bar No. 160046
　　　　　　　　　　　　　　**LAW OFFICE OF MERRISA L. COLEMAN-BISHOP**
　　　　　　　　　　　　　　e-mail: MerrisaSJC@aol.com
　　　　　　　　　　　　　　2242 Camden Ave., Suite
　　　　　　　　　　　　　　San Jose, CA   95124
　　　　　　　　　　　　　　Telephone:  408-377-1368
　　　　　　　　　　　　　　Facsimile:   408-377-1439
　　　　　　　　　　　　　　  /s/ Roy B. Thompson
　　　　　　　　　　　　　　Roy B. Thompson, OSB 82501 (*pro hac vice*)
　　　　　　　　　　　　　　**THOMPSON BOGRÁN, P.C.**
　　　　　　　　　　　　　　E-mail: roythompson@comcast.net
　　　　　　　　　　　　　　15938 SW Quarry Rd., Suite B-6
　　　　　　　　　　　　　　Lake Oswego, OR 97035
　　　　　　　　　　　　　　Telephone:  503-245-6600
　　　　　　　　　　　　　　Facsimile:   503-244-8399
　　　　　　　　　　　　　　         /s/ Mark S. Hubert
　　　　　　　　　　　　　　Mark S. Hubert, OSB 98256 (*pro hac vice*)
　　　　　　　　　　　　　　**MARK S. HUBERT, P.C.**
　　　　　　　　　　　　　　e-mail: MarkHubert@pacifier.com
　　　　　　　　　　　　　　2300 SW First, Suite 101
　　　　　　　　　　　　　　Portland, OR 97201
　　　　　　　　　　　　　　Telephone:  503-234-7711
　　　　　　　　　　　　　　Facsimile:   503-224-0092

**Page 15 - THG'S MEMORANDUM IN SUPPORT OF SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT - INVALIDITY OF CLAIMS 8-10 OF '547 PATENT**

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **THG's MEMORANDUM IN IN SUPPORT OF SECOND MOTION FOR SUMMARY JUDGMENT - INVALIDITY OF '547 PATENT** on:

Neal M. Cohen  
**VISTA IP LAW GROUP LLP**  
2040 Main Street, Suite 710  
Irvine, California 92614  

e-mail: nmc@viplawgroup.com

Telephone: (949) 724-1849  
**Facsimile:** (949) 625-8955

Attorney for Vertical Doors, Inc.

via the Court's CM/ECF system.

DATED: December 1, 2010

**THOMPSON BOGRÁN, P.C.**

/s/ Roy B. Thompson  
Roy B. Thompson (*pro hac vice*)  
15938 SW Quarry Rd., Suite B-6  
Lake Oswego, OR 97035  
Telephone: 503-245-6600  
Cellphone: 503-381-9945  
Facsimile: 503-244-8399  
E-mail: RoyThompson@comcast.net

Of Attorneys for The Hoffman Group, LLC