```
 1  NEAL M. COHEN (SBN 184978)
        nmc@viplawgroup.com
 2  JAMES K. SAKAGUCHI (SBN 181010)
        jks@viplawgroup.com
 3  VALERIE L. SARIGUMBA (SBN 243713)
        vls@viplawgroup.com
 4  Vista IP Law Group LLP
    2040 Main Street, Suite 710
 5  Irvine, California 92614
    Tel: (949) 724-1849
 6  Fax: (949) 625-8955

 7  Attorneys for Plaintiff
        Vertical Doors, Inc.
 8
```

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| Vertical Doors, Inc.,       ) | SA CV 06-0984 JVS (ANx) |
|---|---|
| Plaintiff,                  ) |        consolidated with |
| v.                          ) | SA CV 07-275 JVS (ANx) |
| Howitt et al.,              ) | |
| Defendants.                 ) | **VDI'S OPPOSITION TO THG'S (SECOND) MOTION FOR PARTIAL SUMMARY JUDGMENT OF INVALIDITY OF CLAIMS 8-10 OF THE '547 PATENT** |
|                             ) | |
|                             ) | January 24, 2011 |
|                             ) | 1:30 p.m. |
|                             ) | Honorable James V. Selna |

   Vertical Doors, Inc., ("VDI") hereby submits the following Opposition to The Hoffman Group LLC's ("THG") above-referenced Partial Summary Judgment. Submitted herewith are: 1) Declaration of Neal M. Cohen (hereafter "*Decl. NMCohen*"); and 2) VDI's Statement of Genuine Disputes (hereafter "SGD").

   THG's Statement of Uncontroverted Facts [D.E. 276-2] is referred to herein as "THG's SUF."

   The Declaration of Roy B. Thompson filed in support of THG's motion [D.E. 276-3] is referred to herein as "*Decl. RBThompson*."

**Table Of Contents**

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . ii
I.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . 1
II.  STATEMENT OF GENUINE DISPUTES. . . . . . . . . . . . . . . . . 2
III. PARTIAL SUMMARY JUDGMENT STANDARD. . . . . . . . . . . . . . . 2
IV.  ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
     A.   THE "REGARDS AS HIS INVENTION" PORTION OF
          35 U.S.C. § 112, SECOND PARAGRAPH, SETS FORTH
          A SUBJECTIVE REQUIREMENT ADDRESSING THE
          INVENTOR'S STATE OF MIND, NAMELY, WHAT <u>HE</u>
          REGARDS AS <u>HIS</u> INVENTION. . . . . . . . . . . . . . . 3
     B.   THG DOES NOT OFFER ANY EVIDENCE RELEVANT TO
          THE INVENTOR'S STATE OF MIND. . . . . . . . . . . . 4
          1.   THE LITIGATION TESTIMONY OF VDI'S PRESIDENT
               IS IRRELEVANT TO THE INVENTOR'S STATE OF
               MIND BECAUSE VDI'S PRESIDENT IS NOT THE
               INVENTOR. . . . . . . . . . . . . . . . . . . .5
          2.   THE OFFICE ACTION AND RESPONSE RELIED UPON
               BY THG IS IRRELEVANT TO THE INVENTOR'S STATE
               OF MIND BECAUSE THEY DO NOT INCLUDE ANY
               TESTIMONY FROM THE INVENTOR (AND THEY DO NOT
               REFLECT THE CONDUCT ARGUED BY THG ANYWAY). . 6
          3.   VDI'S CONTINUATION-IN-PART APPLICATION THAT
               MATURED INTO U.S. PATENT NO 7,140,075 IS
               IRRELEVANT TO THE INVENTOR'S STATE OF MIND
               BECAUSE IT DOES NOT INCLUDE ANY TESTIMONY
               FROM THE INVENTOR. . . . . . . . . . . . . . .11
V.   CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . .11

# Table Of Authorities

## Cases

*Apple Computer, Inc., v. Articulate Sys., Inc.*,
   234 F.3d 14 (Fed. Cir. 2000)..................2

*Bose Corp. v. JBL, Inc.*,
   274 F.3d 1354 (Fed. Cir. 2001)................2

*Brooktree Corp, v. Advanced Micro Devices, Inc.*,
   977 F.2d 1555 (Fed. Cir. 1992)................7

*Collier, In Re*,
   397 F.2d 1003 (C.C.P.A. 1968).................1

*Conley, In Re*,
   490 F.2d 972 (C.C.P.A. 1974)..................3

*Litton Systems v. Honeywell, Inc.*,
   140 F.3d 1449 (Fed. Cir. 1998)................4

*MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*,
   420 F.3d 1369 (Fed. Cir. 2005)..............1-2

*Moore, In Re*,
   439 F.2d 1232 (C.C.P.A. 1971).................4

*Norian Corp., v. Stryker Corp*,
   363 F.3d 1321 (Fed. Cir. 2004)................7

*Solomon v. Kimberly-Clark Corp*,
   216 F.3d 1372 (Fed. Cir. 2000)..............3-6

## Other Authorities

35 U.S.C. § 112....................... 1, 3-6, 9-11

F.R.Civ.P. Rule 56.................................2

Local Rule 56-2....................................2

ii

# I.
## INTRODUCTION

THG's motion is directed solely to invalidating Claims 8-10 of U.S. Patent No. 6,845,547 ("the '547 Patent"), based on failure to comply with the "regards as his invention" portion of 35 U.S.C. § 112, second paragraph. (See THG's Motion, 11:14-19).

THG previously filed a motion for invalidity of Claims 8-10 based on *In Re: Collier*, 397 F.2d 1003 (C.C.P.A. 1968), which THG at that time presented as an "indefiniteness" case. [D.E. 160]. The Court granted THG's motion [D.E. 182]. VDI then filed a Motion for Reconsideration [D.E. 231]. The Court Granted VDI's Motion for Reconsideration, recognizing *Collier* as a "regards as his invention" case as opposed to an "indefiniteness" case. [D.E. 274, *Decl. NMCohen*, Exh. 3]. THG then filed the present motion, again seeking to invalidate Claims 8-10 based on *Collier*, but this time using *Collier* as a "regards as his invention" case.

As set forth herein, THG does not make out a prima facie case of invalidity. Therefore, VDI is not required to put forth any evidence to create a genuine issue of material fact. *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1373 (Fed. Cir. 2005). Specifically, the "regards as his invention" portion of 35 U.S.C. § 112, second paragraph, sets forth a subjective requirement addressing the inventor's state of mind, namely what <u>he</u> regarded as <u>his</u> invention. But THG does not offer any evidence at all relevant to the inventor's state of mind. The only evidence offered by THG is litigation testimony from VDI's president

Robert Baum, portions of the prosecution history of the '547 Patent, and an issued patent 7,140,075 that matured from a continuation-in-part application off of the '547 Patent, none of which is relevant to the inventor's state of mind.

## II.
## STATEMENT OF GENUINE DISPUTES

VDI submits herewith a Statement of Genuine Disputes ("SGD") in accordance with Local Rule 56-2.  However, as stated earlier, even if all of THG's SUFs are taken as true, THG does not make out a prima facie case of invalidity, so VDI is not required to put forth any evidence at all.  *MEMC*, 420 F.3d at 1373.

## III.
## PARTIAL SUMMARY JUDGMENT STANDARD

Partial summary judgment is proper if there is no genuine issue of material fact as to a particular claim or defense. *Fed. R. Civ. P. 56(a),(b)*.  To succeed on its defense, THG must prove invalidity by clear and convincing evidence. *Apple Computer, Inc., v. Articulate Sys., Inc.*, 234 F.3d 14, 26 (Fed. Cir. 2000).

The burden initially is on the moving party (THG), to demonstrate an absence of a genuine issue of material fact. *MEMC*, 420 F.3d at 1373 (Fed. Cir. 2005).  If, and only if, THG meets its burden, then the non-moving party (VDI) must produce enough evidence to rebut THG's claim and create a genuine issue of material fact.  *Id.*  If the VDI meets this burden, then the motion will be denied.  See, generally, *Bose Corp. v. JBL, Inc.*, 274 F.3d 1354, 1360 (Fed. Cir. 2001).  The Court must view the evidence in the light most favorable to VDI. *MEMC*, 420 F.3d at 1373.

2

# IV.
# ARGUMENT

### A. THE "REGARDS AS HIS INVENTION" PORTION OF 35 U.S.C. § 112, SECOND PARAGRAPH, SETS FORTH A SUBJECTIVE REQUIREMENT ADDRESSING THE INVENTOR'S STATE OF MIND, NAMELY, WHAT <u>HE</u> REGARDS AS <u>HIS</u> INVENTION.

The "regards as his invention" portion of 35 U.S.C. § 112, second paragraph, sets forth a subjective requirement addressing the inventor's state of mind. This is clear not only from the statutory language itself ("<u>applicant</u> regards as <u>his</u> invention"), but also from the Federal Circuit in *Solomon v. Kimberly-Clark Corp*, 216 F.3d 1372 (Fed. Cir. 2000).

In *Solomon*, 216 F.3d at 1380, the court notes "... we recognize that 'which the applicant regards as his invention' is subjective language...". The court also quotes *In Re Conley*, 490 F.2d 972 (C.C.P.A. 1974), emphasizing the words "**<u>he regards,</u>**" stating "... the phrase 'which the applicant regards as his invention ... has been relied upon in cases where some material ... shows that a claim does not correspond in scope to with what **<u>he regards</u>** as his invention.'" *Solomon*, 216 F.3d at 1377-1378. The court further notes "what the patentee subjectively intended his claims to mean is largely irrelevant to the claim's objective meaning and scope." *Solomon*, 216 F.3d at 1379.

The Court in the present case also has already recognized the "regards as his invention" language is subjective. Specifically, the Court's Order on VDI's Motion for Reconsideration [D.E. 274, *Decl. NMCohen*, Exh. 3] states "At the hearing, THG argued that deposition testimony of VDI's president regarding the '547 patent should be used to invalidate the patent

3

under the 'regards as his invention' prong of 35 U.S.C. § 112 ¶ 2. This argument fails for two reasons. First, VDI's president was not the inventor of the '547 patent." [D.E. 274, page 5].

Thus, the relevant inquiry is what the <u>inventor</u> regards as <u>his</u> invention, not what someone else regards as the invention. THG submits no evidence as to what the inventor regarded as his invention. In fact, the claims are presumed to be what the inventor regards as his invention, even during patent prosecution. *Litton Systems v. Honeywell, Inc.*, 140 F.3d 1449, 1461 (Fed. Cir. 1998) (citing *In re Moore*, 439 F.2d 1232, 1235, (C.C.P.A. 1971)). And for claims in an issued patent, a more limited range of evidence should be considered in evaluating compliance with the "regards as his invention" requirement of § 112, second paragraph, than would be considered in evaluating claims in a pending patent application. *Solomon*, 216 F.3d 1378-79; See also *Decl. NMCohen*, Exh. 3 [D.E. 274, page 5].

### B. THG DOES NOT OFFER ANY EVIDENCE RELEVANT TO THE INVENTOR'S STATE OF MIND.

THG's argument (paraphrased as understood by VDI) is that the inventor regarded his invention as including "structural relationships," but the claims do not have "structural relationships," and therefore the claims do not recite what the inventor regards as his invention.[1] **THG, however, offers no evidence as to what the inventor (Demetrius Ham) himself regarded as his invention**. The only evidence offered by THG in support of THG's motion is

---

[1] THG refers to "structural relationships" at least 20 times.

4

litigation testimony of VDI's president Robert Baum, portions of the prosecution history of the '547 Patent, and issued U.S. Patent No. 7,140,075. The testimony of Mr. Baum does not include any testimony from the inventor Demetrius Ham. The prosecution history offered does not include any testimony from the inventor Demetrius Ham. The '075 Patent does not include any testimony from the inventor Demetrius Ham. Thus none of the evidence offered by THG is relevant to the inventor's state of mind, i.e., what <u>he</u> regards as <u>his</u> invention, and the Court should be able to end its inquiry there. Nonetheless, VDI briefly addresses below Mr. Baum's testimony, the prosecution history evidence, and the '075 Patent.

      **1.    THE LITIGATION TESTIMONY OF VDI'S PRESIDENT IS IRRELEVANT TO THE INVENTOR'S STATE OF MIND BECAUSE VDI'S PRESIDENT IS NOT THE INVENTOR.**

Mr. Baum's testimony is irrelevant. First, Mr. Baum is not the inventor of the '547 Patent, so his statements and/or opinions cannot possibly be relevant to the inventor's state of mind. Second, even if he was the inventor, the testimony was given during litigation (in a New Jersey case), and as such could not be used to invalidate the '547 Patent under § 112, second paragraph. *Solomon v. Kimberly-Clark Corp*, 216 F.3d 1372, 1378-1379 (Fed. Cir. 2000).

This is at least the third time THG has presented Mr. Baum's New Jersey testimony to this Court. The last time was at oral argument on VDI's Motion for Reconsideration. There, THG argued Mr. Baum's testimony should be used to invalidate Claims 8-10 of

the '547 Patent based on failure to comply with the "regards as his invention" portion of § 112, exactly like THG is arguing in its present motion. The Court rejected the exact same argument for the reasons stated above. Specifically, the Court stated:

> "At the hearing, THG argued that deposition testimony of VDI's president regarding the '547 patent should be used to invalidate the patent under the 'regards as his invention' prong of 35 U.S.C. § 112 ¶ 2. This argument fails for two reasons. First, VDI's president was not the inventor of the '547 patent. Second, the Federal Circuit in Solomon explicitly rejected the consideration of inventor testimony obtained in the context of litigation to hold a patent invalid under the 'regards as his invention' prong:..." [D.E. 274, p 5 (*Decl. NMCohen*, Exh. 3)].

### 2. THE OFFICE ACTION AND RESPONSE RELIED UPON BY THG IS IRRELEVANT TO THE INVENTOR'S STATE OF MIND BECAUSE THEY DO NOT INCLUDE ANY TESTIMONY FROM THE INVENTOR (AND THEY DO NOT REFLECT THE CONDUCT ARGUED BY THG ANYWAY).

THG relies on prosecution history (an Office action and a response, *Decl. RBThompson*, Exhs. B, D), in which there is no testimony from the inventor, but only statements from the prosecuting attorney. THG's reliance on statements from the prosecuting attorney is misplaced, as such statements do not reflect the inventor's state of mind.

But the statements would not support THG's motion even if the statements were from an inventor declaration, because the statements do not reflect the conduct argued by THG.

Case 8:06-cv-00984-JVS -AN Document 281 Filed 01/03/11 Page 10 of 15 Page ID #:3070

Specifically, THG argues (in THG's SUF 6) that original Claim 1 did not depict any structural relationships, and that amended Claim 11 (issued Claim 8) did not recite structural relationships. However, the response at issue shows application Claim 11 (issued Claim 8) was initially rejected, was then allowed when the applicant amended claim 11 exactly as the examiner requested in the Office action, and the applicant expressly stated in his response exactly what he did. (See *Decl. RBThompson*, Exhs. B, D).[2]

This was extensively briefed and argued in a related case (SA CV 05-905 JVS (ANx)) on a motion for invalidity of Claims 8-10 brought by a different defendant (UPC). UPC made similar arguments that THG is now making, related to Claims 8-10 lacking "structural relationships." **The Court analyzed the relevant prosecution history, rejected UPC's arguments, and denied UPC's motion. (See *Decl. NMCohen*, Exh. 2 [D.E. 203 in SA CV 05-905 JVS (ANx), see pgs 7-9])**.

THG makes much ado about nothing. The patent applicant responded to the Office action in question by doing exactly what the examiner suggested. Further, the patent applicant expressly stated in his response to the Office action exactly what he was doing. The examiner, who is presumed to have performed his job correctly (*Brooktree Corp, v. Advanced Micro Devices, Inc.*, 977 F.2d 1555, 1574 (Fed. Cir. 1992); *Norian*

---

[2] *Decl. NMCohen*, Exh. 1, corresponds to *Decl. RBThompson*, Exh. D, except the *Thompson* Exh. D is missing some pages as explained in VDI'S Statement of Genuine Disputes.

7

*Corp., v. Stryker Corp*, 363 F.3d 1321, 1329 (Fed. Cir. 2004)), then allowed the claims. THG's characterization of these events as anything else is simply a smoke screen in an attempt to avoid liability for infringement for which THG has already been found liable.

VDI submits that the prosecution history offered by THG is irrelevant. VDI also refers the Court to the Court's above-referenced Order from the UPC case wherein the Court already thoroughly analyzed the same prosecution history and similar arguments (*Decl. NMCohen*, Exh. 3, pgs 7-9 of D.E. 203). Nonetheless, VDI lists below the statements from the prosecution history for easy reference, and then briefly discusses them.

For starters, in paragraph 5 of the Office action dated January 20, 2004, (*Decl. RBThompson*, Exh. B) the examiner rejected Claims 1 and 10 and stated:

> Claims 1 and 10 are incomplete for omitting essential structural cooperative relationships of elements, such omission amounting to a gap between the necessary structural connections. See MPEP § 2172.01. As to Claim 1, there is no sufficient information to depict the relationship as how the plate, the swingarm and the rotation mechanism are structurally and functionally interrelated to form an operable 'vehicle door hinge'. It cannot be understood structurally how 'allowing motion of the door in a first horizontal plane and a second

8

vertical plane' is achieved without the combined effect of the hinge parts. The claim raises uncertainty of operability. As to claim 10, the claim is functional and merely states the capability of the hinge. There is no structural means to support the functionality being performed. The invention as claimed cannot be understood structurally."

In paragraph 9 of the same Office action (*Decl. RBThompson*, Exh. B), the examiner stated:

> **Claim**s 4-6, 8-9 and **11 may be given favorable consideration if rewritten to overcome the rejection(s) under 35 U.S.C. 112, second paragraph, set forth in this Office action and to include all of the limitations of the base claim and any intervening claims**. (Emphasis added).

The applicant then filed a response to the January 20, 2004 Office action on March 29, 2004. (*Decl. NMCohen*, Exh. 1). In the response, the applicant expressly stated:

> "The examiner presently rejects claims 1 and 10 for lack of structural cooperation. The applicant has now amended various claims so as to overcome this rejection. In particular, the applicant has noted the examiner's suggestion at paragraph 9 of the First Office Action that claims 4 through 6, 8, 9 and 11 may be given favorable consideration under both of the stated rounds for rejection (35

9

USC 112 and 35 USC 102) if rewritten to overcome the objections and rejections set forth under 35 USC 112.  In accordance with the examiner's suggestion, the applicant has rewritten the claims so as to include the structural relationships of claims 4, 7, 8, 9 and 11.  **In detail**, the limitations of original claim 4 have been largely incorporated into claim 1.  The limitations of original claim 1 have been incorporated into amended claim 8, which is now independent.  The limitations of original claims 1 and 7 have been incorporated into amended claim 9, which is now independent.  **The limitations of original claim 1 have been incorporated into amended claim 11,[3] which is now independent**."  (Emphasis added).

The applicant even stated "support for material in claim 11 may be found in original claims 1 and 11." (*Decl. NMCohen*, Exh. 1, page 3 of the response).

So: 1) the examiner made a § 112 rejection; 2) the applicant amended the claims exactly per the examiner's suggestion; 3) the applicant expressly stated he amended claim 11 by incorporating in the limitations of original claim 1; 4) the applicant cited support for amended claim 11 as original claims 1 and 11; 5) then the examiner allowed claim 11 (issued Claim 8).  This set of facts does not show

---

[3] Recall, application Claim 11 matured into Issued Claim 8.

10

the claims are invalid for failure to comply with the "regards as his invention" portion of § 112, second paragraph – especially not by clear and convincing evidence. On the contrary, this set of facts shows the examiner allowed the claims only **after** the claims were amended to overcome the examiner's § 112 rejection.

### 3. VDI'S CONTINUATION-IN-PART APPLICATION THAT MATURED INTO U.S. PATENT NO 7,140,075 IS IRRELEVANT TO THE INVENTOR'S STATE OF MIND BECAUSE IT DOES NOT INCLUDE ANY TESTIMONY FROM THE INVENTOR.

THG also argues the claims in a continuation-in-part application that matured into U.S. Patent No. 7,14,075, is somehow evidence of what the inventor "regarded as his invention" in the '547 Patent. But the '075 Patent is a separate patent with separate claims, and does not include any testimony from the inventor about anything anyway.

## V.
## CONCLUSION

THG's motion for invalidity of Claims 8-10 of the '547 Patent based on failure to comply with the "regards as his invention" requirement of 35 U.S.C. § 112, second paragraph, should be denied. Viewing the evidence in the light most favorable to VDI (or even in the light most favorable to THG), THG has not put forth a prima facie case of invalidity under any standard, let alone a clear and convincing evidence standard.

Respectfully submitted,

January 3, 2011  /s/ Neal M. Cohen
DATED            Vista IP Law Group
                 By: Neal M. Cohen
                 Attorneys for Vertical Doors, Inc.

11

**CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth below, I served the foregoing document described as **VDI'S OPPOSITION TO THG'S (SECOND) MOTION FOR PARTIAL SUMMARY JUDGMENT OF INVALIDITY OF CLAIMS 8-10 OF THE '547 PATENT** to all parties to this action as set forth below, on the date set forth below, in the manner(s) checked below.

☒ By the Court's ECF system

☐ By mail service to their attorney(s) of record, at the following address(es), on the date set forth below.

☐ By e-mail service to their attorney(s) of record, at the following email address(es), on the date set forth below.

☐ By fax service to their attorney(s) of record, at the following fax number(s), on the date set forth below.

**Counsel for The Hoffman Group Defendants**

| | |
|---|---|
| Roy B. Thompson | TEL: (503) 245-6600 |
| Amy Bogran | FAX: (503) 244-8399 |
| Thompson * Bogran, P.C. | |
| 15938 SW Quarry Road, Suite B-6 | |
| Lake Oswego, OR 97035 | |
| E-mail: thompsonbogran@comcast.net | |
| E-Mail: roythompson@comcast.net | |
| E-mail: amymbogran@comcast.net | |
| | |
| Mark S. Hubert | TEL: (503) 234-7711 |
| 516 SE Morrison, Suite 1200 | FAX: (503) 224-0092 |
| Portland, OR 97214 | |
| E-mail: MarkHubert@pacifier.com | |
| | |
| Merissa Coleman (merrisasjc@aol.com) | TEL (408) 377-1368 |
| Law Office of Merissa L. Coleman | FAX (408) 377-1439 |
| 2242 Camden Ave., Suite 105 | |
| San Jose, California 95124 | |

Executed January 3, 2011, Irvine, California.

/s/ Neal M. Cohen
Neal M. Cohen