Merrisa L. Coleman-Bishop, State Bar No. 160046
**LAW OFFICE OF MERRISA L. COLEMAN-BISHOP**
e-mail: MerrisaSJC@aol.com
2242 Camden Ave., Suite 105
San Jose, CA   95124
Telephone:  408-377-1368
Facsimile:   408-377-1439
Roy B. Thompson, OSB 82501 (*pro hac vice*)
**THOMPSON BOGRÁN, P.C.**
E-mail: roythompson@comcast.net
15938 SW Quarry Rd., Suite B-6
Lake Oswego, OR 97035
Telephone:  503-245-6600
Cellphone:  503-381-9945
Facsimile:   503-244-8399
Mark S. Hubert, OSB 98256 (*pro hac vice*)
**MARK S. HUBERT, P.C.**
e-mail: MarkHubert@pacifier.com
2300 SW First, Suite 101
Portland, OR 97201
Telephone:  503-234-7711
Facsimile:   503-224-0092
      Attorneys for The Hoffman Group, LLC

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA (Santa Ana)**

| | |
|---|---|
| Vertical Doors, Inc., a California corporation, | Case No. SA-CV-06-984 JVS (ANx)<br>       Consolidated with:<br>Case No. SA-CV-07-275-JVS (ANx) |
| Plaintiff, | **DEFENDANT THG'S REPLY MEMORANDUM RE SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT - INVALIDITY OF CLAIMS 8-10 OF '547 PATENT** |
| v. | |
| Matthew Howitt, et al., | |
| Defendants. | Honorable James V. Selna, Ctrm. 10C<br>(Hearing Vacated per Dkt. 285) |

Defendant The Hoffman Group, LLC ("THG") submits this Reply Memorandum in Support of its (Second) Motion for Partial Summary Judgment as to the Invalidity of Claims 8-10 of U.S. Patent No. 6,845,547 ("the '547 Patent).

**INTRODUCTION**[1]

THG has already filed a Motion to Strike VDI's untimely Response. However, in caution THG submits this Reply.

Specifically at issue in THG's (Second) Motion for Partial Summary Judgment are Claims 8-10 of Patent No. 6,845,547 ("the '547 Patent"). THG contends that those claims are invalid for failing to distinctly point out and distinctly claim the matter that the applicant (Demetrius Ham) regarded as his invention. In this situation, it is the statements of Mr. Ham's patent attorney (agent) during the patent prosecution process that states that the applicant regarded his invention as having structural connections, yet the independent claim at issue (Claim 8 as finally issued) does not.

**UNCONTESTED FACTS**

In addition to VDI conceding THG's Motion by failing to file a timely Response, VDI does not raise any genuine issue of material fact. THG's "Statement of Genuine Disputes" (Dkt. 282) does not controvert THG's statements of fact #1, #3, #4, #5, #7, #8 and #9. As to THG's statement of fact #2, VDI asserts that it contains errors, but that they are immaterial, and so statement of fact #2 is likewise uncontroverted.

VDI begins by pointing out portions of THG's statement of fact #6 that are uncontroverted, then spends a great deal of time attempting to misdirect matters by asserting that "similar" arguments were made by others and rejected by this Court.

---

[1] First and foremost, THG apologizes for any mis-feed in converting the Motion and supporting documents to pdf format for filing, resulting in missing pages. It was certainly not intentional, nor even noticed by THG until pointed out in VDI's untimely Response. The problem has been remedied by Cohen Declaration Exhibit 1.

**Page 2**

As a matter of fact, the arguments made by others (e.g. UPC in Case No. SA CV -5-905 JVS) were quite different. Without belaboring the point, UPC's argument was that "claim 8 is invalid as indefinite because necessary language was omitted from the claim that was required to be added by the examiner as a condition of issuance." Cohen Declaration, Ex. 2 at 7. The essence of UPC's argument was that "because the PTO rejected the original language of claim 1, and the amended claim 11 adopted the same rejected language, it too must be viewed as invalid for indefiniteness for the same reasons the PTO rejected the original claim 1." Cohen Declaration, Ex. 2 at 8. However, nowhere did UPC focus on <u>the applicant's statement to the PTO</u> that he had amended claim 11 by adding structural relationships, indicating what he regarded as his invention. In essence, UPC argued about what the applicant did, rather than what he said he did. THG's focus is on what the applicant <u>said</u> he did in amending claim 11 (issued claim 8), thereby indicating what he regarded as his invention. VDI is either missing the point, or is attempting to direct the Court's attention away from THG's real argument.

Finally, VDI does not controvert the initial portion of THG's statement of fact 10, but then disputes the conclusions that may be drawn from it. However, as explained below, the matters covered by THG's statement of fact #10 could be seen as tangential to the Motion for Partial Summary Judgment making VDI's quibbles of no merit.

## REPLY TO VDI'S ARGUMENT

VDI asserts that THG's Motion for Partial Summary Judgment is based on three prongs: the testimony of Robert Baum, the patent prosecution history, and the language included in the '075 Patent. However, it should be pointed out that the Baum testimony and the structural relationship language included in the '075 Patent are not critical to the real analysis of what the applicant regarded as his invention. The Baum testimony was included to show that one skilled in the art would recognize

that structural relationships were missing from Claim 8 as issued. The language from the '075 Patent was included to show that the applicant eventually did include structural relationships in a later Patent. For this Reply, THG will focus solely on the patent prosecution history and what the applicant said to the PTO as opposed to what he actually did in drafting what became claim 8 of the '547 Patent.

**A.     Patent Prosecution and what the applicant "regards as his invention."**

VDI sets forth the unusual proposition, **without authority**, that to know what the applicant "regards as his invention," there needs to be some testimony of the applicant. That position runs directly contrary to *In re Collier,* 397 F2d 1003 (CCPA, 1968). In *Collier*, the Court found indefiniteness for failure of the applicant to say what he regarded as his invention, because the applicant in his brief (written by his attorney) said the invention contained structural relationships not contained in the claim as written. There was nothing about "testimony" of the applicant. In fact, under the premise of the ruling in *Solomon v. Kimberley-Clark Corp.*, 216 F3d 1372, 1378-79 (Fed.Cir. 2000), such inventor testimony, if in context of litigation (and where else is there testimony?), would have been inappropriate to consider in light of the absence of its probative value.

VDI appears to take the position that it was what Demetrius Ham secretly regarded as his invention, not what his patent prosecuting attorney regarded as the invention and stated was contained in the amended claim 11 that matters. But it was the applicant who made the amendments: "In accordance with the examiner's suggestion, the applicant has rewritten the claims so as to include the structural relationships of claims 4, 7, 8, 9 and 11." Cohen Declaration, Exhibit 1 at 10, *emphasis added*.

VDI takes the position that for THG to succeed on a "regards as his invention" approach, THG must reach deep down into the secret and unuttered inner recesses of the inventor's mind, and anything said by his attorney is irrelevant. Under *Collier*,

that argument fails.

The only way to know what the applicant regards as his invention is by what he (or his attorney) says he regards as his invention. Neither the U.S. Patent Office nor the Court are mind readers, nor is §112, second paragraph a command to be one. Patent law is not divination. It is what is written in the prosecution history that is determinative. "Otherwise the public notice function of the patent record would be undermined." *Pioneer Magnetics, Inc. v. Micro Linear Corporation,* 330 F3d 1352, 1356 (Fed.Cir. 2003).

When the applicant says he regards his invention (the claim) as having structural connections, <u>but the claim as written does not</u>, then the claim does not distinctly claim the matter that the applicant regards as his invention. This is exactly a *Collier* case.

This is **not** the "similar argument" (VDI Response Brief p. 7, line 13) made before about lack of structural relationships being the defect.

"[I]f appellant regards his invention as nothing more than the bare combination of a crimpable perforated ferrule and a ground wire, regardless of particular relationships, it cannot be gainsaid that the claim defines such a combination." *Collier*, 397 F2d at 1005. In other words, mere lack of structural relationships is insufficient to invalidate a patent.

*Collier* is still relevant. The Court there found that the claim at issue "fails to comply with section 112, second paragraph, in failing distinctly to claim what appellant in his brief insists is his actual invention." *Id.*

"The reason that the <u>Collier</u> claim's lack of structural relationships violated § 112, ¶2 was because the patent applicant insisted in his brief that his invention contained structural relationships, not because of an inherent requirement that the lack of structural relationships automatically renders a claim indefinite." Dkt. 274, p. 3 of 6. Note: there is absolutely no requirement in *Collier* that there be "testimony of the

**Page 5**

inventor" as espoused by VDI. In *Collier*, it was the statement of the inventor's attorney that mattered. The same is true here.

**B. Amendment of claim 11 did <u>not</u> add structural relationships.**

For all of VDI's insistence, when the applicant amended claim 11 (issued claim 8), he did not add structural relationships, even though he represented to the PTO that he had. VDI's repeated statements that "the applicant expressly stated in his response exactly what he did" and "expressly stated in his response to the office action exactly what he was doing" are simply <u>wrong</u>.

When the applicant amended claim 1 in response to the Patent examiner's rejection for failure to recite structural relationships, he <u>did</u> recite structural relationships between the parts, and told the Patent examiner what his intention was.

On the other hand, when the applicant amended claim 11, <u>he told the Patent examiner</u> that the amended claim recited the structural relationships, but the amended claim as written failed to recite those structural relationships. It merely adds the language from the <u>original</u> claim 1 which did <u>not</u> cite structural relationships, and so the claim fails for not "distinctly claiming the subject matter which the applicant regards as his invention" under section 112, second paragraph. The applicant told the PTO that amended claim 11 (issued claim 8) contained structural relationships, but a plain reading of it shows that it does not. Therefore, just as in *Collier* the claim as written fails to distinctly claim what the applicant regarded as his invention.

Interestingly, in wrongly asserting that the amended claim 11 did include structural relationships, VDI focuses on what the applicant's patent attorney told the PTO, without resorting to any need for "testimony" of the applicant. This contradictory and inconsistent position shows the weakness of VDI's argument.

**C.    Exhibits to Cohen Declaration**

Exhibit 1 to the Cohen Declaration merely corrects the mechanical mis-feed that resulted in missing pages to one of THG's Exhibits.

Exhibit 2 to the Cohen Declaration, the Summary Judgment decision in Case No. SA CV 05-905 JVS is apparently included in a failed attempt to assert that THG's current argument was "similar" to or the same as that advanced by UPC in the earlier action. As explained above, the arguments presented are different.

Exhibit 3 to the Cohen Declaration, the reversal of the prior finding of invalidity of Claims 8-10 on the grounds for indefiniteness for failure to recite structural relationships actually assists THG's position, because it gives the "roadmap" for the current Motion for Partial Summary Judgment.

## CONCLUSION

Claims 8 - 10 of the '547 Patent are invalid for indefiniteness in violation of 35 USC §112, second paragraph, because independent claim 8 does not recite the structural relationship of the parts, nor do dependent claims 9 and 10 (which would alone be insufficient for a finding of indefiniteness), <u>but the applicant stated that such a structural relationship was what he regarded as his invention</u>. THG's Motion for Partial Summary Judgment of Invalidity of Claims 8-10 of the '547 Patent should be granted.

Dated: January 18, 2011

        Merrisa L. Coleman-Bishop
        State Bar No. 160046
        **LAW OFFICE OF MERRISA L. COLEMAN-BISHOP**
        e-mail: MerrisaSJC@aol.com
        2242 Camden Ave., Suite
        San Jose, CA   95124
        Telephone:   408-377-1368
        Facsimile:   408-377-1439

(additional counsel next page)

|   |   |
|---|---|
| 1 |   |
| 2 |   /s/ Roy B. Thompson |
| 3 | Roy B. Thompson, OSB 82501 (*pro hac vice*) |
|   | **THOMPSON BOGRÁN, P.C.** |
| 4 | E-mail: roythompson@comcast.net |
| 5 | 15938 SW Quarry Rd., Suite B-6 |
|   | Lake Oswego, OR 97035 |
| 6 | Telephone:   503-245-6600 |
| 7 | Facsimile:    503-244-8399 |
| 8 | Mark S. Hubert, OSB 98256 (*pro hac vice*) |
| 9 | **MARK S. HUBERT, P.C.** |
|   | e-mail: MarkHubert@pacifier.com |
| 10 | 2300 SW First, Suite 101 |
| 11 | Portland, OR 97201 |
|   | Telephone:   503-234-7711 |
| 12 | Facsimile:    503-224-0092 |

**Page 8**

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **THG's REPLY MEMORANDUM IN IN SUPPORT OF (SECOND) MOTION FOR SUMMARY JUDGMENT - INVALIDITY OF '547 PATENT** on:

| | |
|---|---|
| Neal M. Cohen | e-mail: nmc@viplawgroup.com |
| **VISTA IP LAW GROUP LLP** | |
| 2040 Main Street, Suite 710 | |
| Irvine, California 92614 | Telephone:  (949) 724-1849 |
| | **Facsimile:   (949) 625-8955** |

   Attorney for Vertical Doors, Inc.

via the Court's CM/ECF system.

DATED: January 18, 2011      **THOMPSON BOGRÁN, P.C.**

       /s/ Roy B. Thompson
Roy B. Thompson (*pro hac vice*)
15938 SW Quarry Rd., Suite B-6
Lake Oswego, OR 97035
Telephone:  503-245-6600
Cellphone:  503-381-9945
Facsimile:  503-244-8399
E-mail:      RoyThompson@comcast.net

Of Attorneys for The Hoffman Group, LLC